# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION


| | | |
|---|---|---|
| **APRIL FLAGG,** | ) | **CASE NO.1:14CV0004** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **Vs.** | ) | |
| | ) | |
| **STAPLES THE OFFICE SUPERSTORE** | ) | **OPINION AND ORDER** |
| **EAST, INC. ET AL.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## CHRISTOPHER A. BOYKO, J:

This matter is before the Court on Defendants Motion for Sanctions for Spoliation of Evidence.  (ECF # 34).  According to Defendants, Plaintiff destroyed text messages directly relating to her claims that her termination was unlawful.  Her destruction of the text messages came after her counsel informed Defendants of their duty to preserve relevant evidence.

Defendants allege the following facts in support of their Motion:

Staples terminated Plaintiff's employment on July 2, 2013 for violating the Company's Standards of Conduct by yelling at and acting aggressively towards a co-worker, Breanna Dale, during two separate incidents on June 27, 2013. Flagg Dep. at 281:14-282:5, Ex. 20. As part of its investigation into the incidents, Staples obtained written statements from Ms. Dale and from another co-worker, Whitney Lovenjak, who had witnessed the second incident on June 27th. *See* Declaration of Lorna Wood, ¶4 – 5. According to the written statement provided by Ms. Dale, Plaintiff had questioned her that morning about her rate of pay and, when Ms. Dale refused to tell Plaintiff how much she made, Plaintiff began yelling at her. *Id.*, Exh. A.

Ms. Dale and Ms. Lovenjak also both reported that Plaintiff had communicated with Ms. Lovenjak about her dispute with Ms. Dale via text message on June 27th. *Id.*, Exh. A & B. According to Ms. Lovenjak's statement, Plaintiff had sent her a text message at 7:30 that morning, stating that she (Plaintiff) was "pissed" and "furious" at Ms. Dale because she reportedly had told Plaintiff "that she made more than [Plaintiff]." *Id.*, Exh. B.. Ms. Dale similarly reported that Ms. Lovenjak

had told her later that day that she had received a text message from Plaintiff at 7:30 that morning stating that Ms. Dale "pissed [Plaintiff] off" because she "was bragging about how much [she] ma[d]e." *Id.*, Exh. A.

On July 25, 2013, Defendants received a letter from Plaintiff's counsel informing them of their duty to preserve all relevant discovery. In response to Defendants' discovery requests, including all documents relating to communications between Plaintiff and her co-workers, Plaintiffs represented all had been produced. However, in her deposition Plaintiff admitted to texting fellow employees on the day of her termination but represented the phone she used was sent back to her phone provider when she got a new phone. This happened according to Plaintiff sometime in 2014.

Plaintiff contends that the text(s) at issue were sent from her to a Staples employee Lovenjak, therefore, Defendants had the information in their possession and cannot claim spoliation for their own failure to preserve the text(s).

Courts have inherent authority to sanction for destruction of evidence. *Adkins v. Wolever*, 554 F.3d 650, 652 -653 (6th Cir. 2009)(en banc). While Plaintiff has not plead a claim for spoliation, both Plaintiff and Defendants cite to the elements and analysis of a spoliation claim in support of, and defense of, their respective positions. In *Adkins*, the Sixth Circuit discussed the purpose of a spoliation sanction and the district court's broad discretion in fashioning a sanction. The Sixth Circuit stated:

> a proper spoliation sanction should serve both fairness and punitive functions. *See Vodusek v. Bayliner Marine Corp.,* 71 F.3d 148, 156 (4th Cir.1995) (observing that a proper sanction will serve the "purpose[s] of leveling the evidentiary playing field and ... sanctioning the improper conduct"). Because failures to produce relevant evidence fall "along a continuum of fault-ranging from innocence through the degrees of negligence to intentionality," (citation omitted) the severity of a sanction may, depending on the circumstances of the case, correspond to the party's fault. Thus, a district court could impose many different kinds of sanctions for spoliated evidence, including dismissing a case, granting summary judgment, or instructing a jury that it may infer a fact based on lost or

destroyed evidence. *Vodusek,* 71 F.3d at 156.

*Id.*

The Sixth Circuit further determined that the degree of culpability of the party in whose possession the evidence was destroyed is "fact intensive" and the type of sanction is best left to the broad discretion of the district court.

"[T]he 'culpable state of mind' factor is satisfied by a showing that the evidence was destroyed 'knowingly, even if without intent to [breach a duty to preserve it], or negligently.'" *Beaven v. U.S. Dept. of Justice*, 622 F.3d 540, 554 (6th Cir. 2010), quoting *Residential Funding Corp. V. DeGeorge Fin. Corp.* 306 F.3d 99, 108 (2nd Cir. 2002).

The Court finds that the evidence presented supports a finding that Plaintiff's destruction of the text(s) was, at most, negligent.  The Court agrees with Defendants that Plaintiff had a duty to preserve the text(s) and did not and this duty was independent of what Lovenjak (a non-party) did with her text(s).  Therefore, Plaintiff admittedly destroyed evidence, albeit unintentionally.  Such a showing does not support the drastic sanction of dismissing her claims.

However, Defendants seek, in the alternative, an adverse instruction.  According to the Sixth Circuit:

> [A] a party seeking an adverse inference instruction based on the destruction of evidence must establish (1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the records were destroyed "with a culpable state of mind"; and (3) that the destroyed evidence was "relevant" to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense.

*Beavan,* 622 F.3d at 553.

While not intentional, the Sixth Circuit has held that negligent destruction of relevant evidence is sanctionable.  See *Beavan* at 554.  Here, Defendants have shown Plaintiff had an

obligation to preserve the text(s) at the time it was destroyed.  She negligently failed to do so and the text(s) were relevant to claims or defenses in the case.   Therefore, the Court grants, in part, Defendants' Motion and will allow an adverse instruction on the spoliated evidence.  The actual language of the instruction will be determined at a later date.

IT IS SO ORDERED.

s/ Christopher A. Boyko
CHRISTOPHER A. BOYKO
United States District Judge

Dated:  September 29, 2015